**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ALFORD J. WINKFIELD,** ) | |
| ID # 1664170, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:13-CV-3651-L (BH) |
| ) | |
| **WILLIAM STEPHENS, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be dismissed as barred by the statute of limitations.

**I.  BACKGROUND**

Alford J. Winkfield (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

On September 14, 2010, Petitioner pled guilty to the aggravated sexual assault of a child in Cause No. F43573 in the 18th District Court of Johnson County, and he also pled true to two enhancement paragraphs. A sentencing hearing was then conducted, after which the jury sentenced him to life imprisonment. (Petition (Pet.) at 2-3); *see also Winkfield v. State*, No. 10-10-00394-CR, 2011 WL 4490233 (Tex. App.–Waco Sept. 28, 2011). Petitioner appealed his sentence, and the Tenth District Court of Appeals affirmed it in an unpublished opinion on September 28, 2011. *Winkfield*, slip op. at *2. Petitioner filed a petition for discretionary review that was refused by the

Court of Criminal Appeals on February 1, 2012. (PD-1590-11). He did not file a petition for certiorari with the Supreme Court. (Pet. at 3).

On April 18, 2013, Petitioner filed his state application for writ of habeas corpus with the trial court. *See Ex parte Winkfield*, WR-79,807-01(State Habeas Record "S.H.Tr.":199-210).[1] On July 10, 2013, the Court of Criminal Appeals denied the application without written order. *See Ex parte Winkfield*, WR-79,807-01 (Tex. Crim. App. July 10, 2013). Petitioner mailed a letter on September 4, 2013, requesting permission to file an untimely federal petition. (doc. 3. at 1). On September 13, 2013, the Court issued an order expressly advising Petitioner that it lacked subject matter jurisdiction to grant an extension of time to file a federal petition, but allowing him thirty days to file an amended federal petition on the appropriate form. (*See* doc. 4). On October 6, 2013, Petitioner mailed his amended federal petition on the appropriate form. (*See* doc. 5 at 10).

## II. STATUTE OF LIMITATIONS

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies to it.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions.

---

[1] The state habeas record reflects that the trial court received Petitioner's state habeas application on April 19, 2013. (S.H.Tr.:199). It also reflects that Petitioner signed his state writ application on April 18, 2013. (S.H.Tr.:210). The Fifth Circuit has recently held that due to a change in Texas state law regarding when state post-conviction pleadings are considered filed, *pro se* inmate filings are deemed filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court. *Richards v. Thaler*, 710 F.3d 573, 577 (5th Cir. 2013). Because the record does not contain any direct evidence as to when Petitioner placed his state writ in the mail, the date he signed the writ is considered as the date of filing for purposes of this recommendation.

One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner did not file any petition for writ of certiorari with the United States Supreme Court after his PDR was refused by the Court of Criminal Appeals. His state conviction became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.3. Petitioner's PDR was refused on February 1, 2012, so his state conviction became final ninety days later, on May 1, 2012.

Petitioner has not alleged a state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C). The one-year statute of limitations is therefore calculated from the latest of (A) the date his conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

3

With regard to subparagraph (D), Petitioner claims that his trial counsel was ineffective at both trial and punishment, and that because of ineffective assistance of counsel, his guilty plea was involuntary. (doc. 5 at 6). Accordingly, the facts supporting his claims became known or could have become known prior to the date his state judgment of conviction became final. Because Petitioner mailed his initial letter seeking to file a federal petition more than one year after his conviction became final on May 1, 2012, a literal application of § 2244(d)(1) renders his September 4, 2013, filing[2] untimely.

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year limitations period was therefore tolled while Petitioner's state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F.Supp.2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application). Petitioner filed his state petition on April 18, 2013. On that date, 352 days had elapsed since his conviction became final on May 1, 2012. The Texas Court of Criminal Appeals denied his state writ on July 10, 2013, tolling the statute of limitations until that date. *See Hooks v. Quarterman*, 224 Fed. Appx. 352, 353-54 (5th Cir. March 30, 2007) (holding that a properly filed motion for reconsideration tolls the statutory time period even where it is not considered by the court). The AEDPA clock began to run again on July 11,

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). The date on which petitioner first mailed a letter to this Court expressing an interest in filing a federal petition, September 4, 2013, is considered as the date his federal petition was filed for purposes of this recommendation.

4

2013, and Petitioner's one-year time period for filing a federal petition expired 13 days later, on July 23, 2013. This was over one month before Petitioner mailed his letter on September 4, 2013, seeking to file a federal petition. The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). The Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Petitioner asserts that he filed his federal petition late because he "retained a paralegal who

5

was a convicted felon," referred by another inmate, who "let my AEDPA time limit to file my 2254 claim expire on me." (doc. 3 at 1). Petitioner further asserts that his federal petition should be considered timely filed because he was granted 30 days to file a federal petition on the appropriate form and he filed his federal petition within that time period. (doc. 5 at 9).

First, the Court expressly advised Petitioner that it lacked subject matter jurisdiction to extend the statute of limitations because there is no provision in the relevant statute of limitations allowing for an extension. (*See* doc. 4). Second, even considering the day Petitioner mailed his letter as the date he filed a federal petition for purposes of the statute of limitations, he has not shown rare and exceptional circumstances that warrant equitable tolling of the statute of limitations. He waited over eleven months after his conviction was final before filing a state writ application. After his state writ was denied, he waited almost two months before mailing his letter seeking to file a federal petition. While he claims that a writ writer was the reason that his federal petition is untimely, he has not shown that he has acted diligently in pursuing his rights or that some extraordinary circumstance , such as being misled by the State, prevented him from timely filing his federal petition. Ignorance of the law, even by an incarcerated *pro se* petitioner, does not warrant equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 630 (5th Cir. 2002); *see also Felder v. Johnson*, 204 F.3d at 171–72 (finding ignorance of the law, a prisoner's *pro se* status and lack of legal training do not support equitable tolling of the AEDPA statute of limitations)*; Turner v. Johnson*, 177 F.3d 390, 391–92 (5th Cir.1999) ( per curiam ) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason."). Petitioner has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the

6

federal statute of limitations, and his federal petition is barred by the statute of limitations.

## III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 17th day of October, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE